**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO:**

MIGUEL MORAGOMEZ,

    Plaintiff(s),

v.

SEASIN'S LLC, a
Florida limited liability company, and
ANTONIO SERGIO FERNANDES,
individually,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, MIGUEL MORAGOMEZ ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files his Complaint against Defendants, SEASIN'S LLC ("SEASINS"), and ANTONIO SERGIO FERNANDES ("SERGIO") individually, (collectively referred to hereinafter as "Defendants"), on behalf of herself, and all others similarly situated, and alleges:

**INTRODUCTION**

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to seek redress of Defendants' violations of the FLSA against this Plaintiff during the course of his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. Defendant, SEASINS, is a Florida limited liability company, founded in, and authorized to do business in the State of Florida, with a principal place of business at 808 1st Street, Miami Beach, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant, SERGIO, was over the age of 18 years, owner, managing member, and operator of SEASINS, and was vested with the authority to hire, fire, and discipline, any and all SEASINS employees, including Plaintiff. Furthermore, during all times material hereto, Defendant, SERGIO, determined, approved, and administered the payroll practices for SEASINS, including the issuance of payment for Plaintiff.

5. Defendant, SEASINS, was Plaintiff's joint employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. Defendant, SERGIO, was Plaintiff's joint employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

7. During all times pertinent hereto, Plaintiff was dependent upon Defendants, SEASINS and SERGIO, for his employment, as these Defendants collectively supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work in furtherance of their business objectives.

**JURISDICTION AND VENUE**

8. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

9. Jurisdiction is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to *28 U.S.C. § 1367*.

11. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

**GENERAL ALLEGATIONS**

12. Defendant, SEASINS, is a restaurant located in Miami Beach that specializes in providing authentic Portuguese cuisine, and was founded by Defendant, SERGIO, in around 2018.

**FLSA Coverage**

13. During all times material hereto, SEASINS was covered under the FLSA through enterprise coverage, as SEASINS was engaged in interstate commerce during all time periods in which Plaintiff, and all similarly situated individuals, were employed. More specifically, during all times material hereto, SEASINS' business and Plaintiff's work for SEASINS' benefit affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, SEASINS, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

14. During his employment with Defendant, SEASINS, Plaintiff, and other employees similarly situated, regularly handled goods and/or materials on a constant and/or continuous basis that have moved through interstate commerce, including, but not limited to the following: silverware, napkins, glassware, liquor bottles, plates, food, coffee, cups, phones, condiments, beverages, cash registers, computers and other restaurant related items.

15. Defendant, SEASINS, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, SEASINS' business an enterprise covered by the FLSA.

16. Upon information and belief, Defendant, SEASINS, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, and on information and belief, is expected to gross in excess of $500,000.00 in 2020.

17. During all material times hereto, Plaintiff was a non-exempt employee of Defendants SEASINS, and SERGIO, within the meaning of the FLSA.

## Plaintiff's Work for Defendants

18. In January 2020, Plaintiff began working for Defendants as a non-exempt employee as a bartender at the Defendants' restaurant.

19. Plaintiff was economically dependent upon Defendants, SEASINS, and SERGIO, and was subject to the control of these Defendants during all pertinent time periods of his employment.

20. During Plaintiff's employment, Plaintiff worked an average of fifty (50) hours per week.

21. Defendants offered to compensate Plaintiff an average of one thousand dollars ($1,000.00) per week for most of his employment plus any tips that Plaintiff would receive.

22. However, during certain workweeks of March 2020, Defendants failed to compensate Plaintiff.

23. This resulted in Plaintiff not being compensated at or above the federally mandated minimum wage.

24. During other workweeks of his employment, Plaintiff's compensation yielded regular hourly rates of $20.00 per hour.

25. However, Defendants failed to compensate Plaintiff at or above the required federal overtime wage rate when Plaintiff worked in excess of forty (40) hours per week.

26. The wage violations committed by Defendants were willful and/or intentional, as Defendants knew of the minimum wage requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

27. On information and belief, Defendants failed to properly maintain records of hours actually worked by Plaintiff, and other similarly situated employees.

28. Defendants, SEASINS and SERGIO, hired Plaintiff to work, controlled the hours worked and responsibilities and duties performed by Plaintiff, and are jointly and severally liable for the FLSA violations alleged herein.

29. As a result of the intentional and willful conduct alleged herein, Plaintiff has been required to retain the undersigned law firm and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA.

### COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206*
**(Against All Defendants)**

30. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

31. Plaintiff alleges this action pursuant to the FLSA, *29 U.S.C. § 216(b)*.

32. Plaintiff is entitled to recover the federal minimum wage in the amount of at least $7.25 per hour for all hours worked at or below forty (40) per week during workweeks in March 2020.

33. Accordingly, Plaintiff claims the federal minimum wage in the amount of at least $7.25 per hour for all hours worked at or below forty (40) per week during relevant weeks of employment with Defendants.

34. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the minimum wage requirements of the Fair Labor Standards Act and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

35. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

36. As a result of these violations, Plaintiff retained the undersigned firm and is entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MIGUEL MORAGOMEZ, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, SEASIN'S LLC and ANTONIO SERGIO FERNANDES, and award Plaintiff: (a) double unpaid minimum wages as provided by the FLSA to be paid by the Defendants, jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### COUNT II – FEDERAL OVERTIME VIOLATIONS – *29 U.S.C. 207*
### (AGAINST ALL DEFENDANTS)

37. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

38. Plaintiff alleges this action pursuant to the FLSA, *29 U.S.C. § 216(b).*

39. Plaintiff is entitled to recover federal overtime wages at the half-time rate of at least $10.00 per hour for all hours worked above forty (40) per week during Plaintiff's employment.

40. Accordingly, Plaintiff claims seeks to recover $10.00 per hour for each of the ten (10) hours of overtime he worked for a period of eleven (11) weeks.

41. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

42. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

43. As a result of these violations, Plaintiff retained the undersigned firm and is entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MIGUEL MORAGOMEZ, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, SEASIN'S LLC and ANTONIO SERGIO FERNANDES, and award Plaintiff: (a) double overtime wages as provided by the FLSA to be paid by the Defendants, jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### COUNT III - COMMON LAW BREACH OF CONTRACT

44. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as thought set forth fully herein.

45. In January 2020, Plaintiff and Defendants entered into an employment contract whereby Plaintiff agreed to perform work as a bartender for Defendants' benefit, in exchange for compensation of $1,000.00 per week, plus tips.

7

46. From around March 2020 through the present, Defendant failed to pay Plaintiff at the agreed weekly compensation of $1,000.00 per week for a three (3) week period in March 2020 where Plaintiff performed work for Defendants and Defendants failed to compensate Plaintiff.

47. As a result of Defendants' failure to pay Plaintiff wages, Defendant has materially breached its contract with Plaintiff in each of the three (3) workweeks of Plaintiff's employment in March 2020.

48. Plaintiff has suffered damages as a result of Defendant's failure to pay Plaintiff's agreed wages.

49. Plaintiff has performed all obligations under the contract.

50. As a result of the breach of employment contract and unpaid wages alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs under *Fla. Stat. § 448.08*.

WHEREFORE, Plaintiff, MIGUEL MORAGOMEZ, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, SEASINS LLC, and ANTONIO SERGIO FERNANDES, and award Plaintiff: (a) compensatory damages to be paid by Defendants; (b) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MIGUEL MORAGOMEZ, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 10th day of June, 2020.**

                                                Respectfully Submitted,

                                                **USA EMPLOYMENT LAWYERS-**
                                                **JORDAN RICHARDS, PLLC**
                                                805 E. Broward Blvd. Suite 301
                                                Fort Lauderdale, Florida 33301
                                                Ph: (954) 871-0050
                                                *Counsel for Plaintiff*

                                                By: */s/ Jordan Richards*
                                                JORDAN RICHARDS, ESQUIRE
                                                Florida Bar No. 108372
                                                MELISSA SCOTT, ESQUIRE
                                                Florida Bar No. 1010123
                                                JAKE BLUMSTEIN, ESQUIRE
                                                Florida Bar No. 1017746
                                                *Jordan@jordanrichardspllc.com*
                                                *Melissa@jordanrichardspllc.com*
                                                *Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

       **I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 10th day of June 2020.

                                                By: */s/ Jordan Richards*
                                                JORDAN RICHARDS, ESQUIRE
                                                Florida Bar No. 108372

## SERVICE LIST: