# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22390-Civ-SCOLA/TORRES

MIGUEL MORAGOMEZ,

      Plaintiff,

v.

SEASIN'S LLC, and
ANTONIO SERGIO FERNANDES,

      Defendants.

_____/

# REPORT AND RECOMMENDATION
# ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND
# ATTORNEYS' FEES & COSTS

This matter is before the Court on Miguel Moragomez's ("Plaintiff") motion for final default judgment and attorneys' fees and costs against Seasin's LLC ("Seasins"). [D.E. 15].   No response was filed in opposition and the time to do so has now passed. Therefore, Plaintiff's motion is now ripe for disposition.   After careful consideration of the motion and the record presented, Plaintiff's motion for final default judgment and attorneys' fees and costs should be **GRANTED in part** and **DENIED in part**.[1]

---

[1]    On July 31, 2020, the Honorable Robert N. Scola, Jr. referred Plaintiff's motion to the undersigned Magistrate Judge for disposition.   [D.E. 16].

## *I. BACKGROUND*

Plaintiff was employed as a bartender at Seasins, a Portuguese restaurant located in Miami Beach, Florida, from January 3, 2020 until March 17, 2020. Antonio Sergio Fernandes ("Fernandes") was the founder and a managing member of Seasins and had authority over Plaintiff's employment and pay. During his employment, Plaintiff worked an average of fifty hours per week, and Seasins orally agreed to compensate Plaintiff a $1,000 per week plus tips. During certain workweeks, however, Seasins allegedly failed to compensate Plaintiff at all or failed to compensate Plaintiff at or above the required federal overtime wage rate. On June 10, 2020, Plaintiff therefore filed a complaint against Seasins and Fernandes for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. [D.E. 1].

After Seasins failed to appear or otherwise answer the complaint, Plaintiff moved for the clerk of the court to enter default against it on July 3, 2020, and the clerk entered such default on July 6, 2020. [D.E. 8, 10]. The Court then directed Plaintiff to file a motion for entry of final default judgment against Seasins on or before July 30, 2020. [D.E. 11, 14]. On July 30, 2020, Plaintiff filed this motion for final default judgment and attorneys' fees and costs against Seasins. [D.E. 16]. Fernandes has not been personally served with the complaint and summons because he has been outside the United States.

## II. APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment.   First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default.   *See* Fed. R. Civ. P. 55(a).   Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person.   Fed. R. Civ. P. 55(b)(2).   "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established."   *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b).   *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)).   "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount.   *See*

*Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### III. ANALYSIS

Plaintiff seeks final default judgment against Seasins in the total amount of $3,912.71 for its violations of the overtime and minimum wage provisions of the FLSA and breach of contract. In addition, Plaintiff seeks an award of attorneys' fees in the amount of $4,525.00 and $450.00 in taxable costs.

#### A. *FLSA Claims*

The FLSA requires employers to pay covered employees (1) a regular hourly wage of at least $7.25, and (2) overtime pay at one and a half times their regular rate for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1). To establish an FLSA claim for unpaid minimum and overtime

wages, Plaintiff must show (1) that Seasins employed him, (2) that Plaintiff is "covered" under the FLSA, (3) that Seasins paid him less than $7.25 per hour, (4) that Plaintiff worked in excess of 40 hours per week, and (5) that Seasins failed to pay overtime wages.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).[2]

Here, Plaintiff's complaint meets each of the required elements because it includes well-pled allegations that Seasins was his employer [D.E. 1 at ¶ 18], that Seasins regularly operated a business engaged in commerce or in the production of goods*, id*. at ¶ 13, that Seasins had an annual gross volume of $500,000 in sales, *id*. at ¶ 16, that Seasins used instrumentalities of interstate commerce (phone, computers, cash registers and other restaurant related items) to assist in the operation of its restaurant business, *id*. at ¶ 14, that Seasins paid Plaintiff less than the federal minimum wage, *id*. at ¶ 22, that Plaintiff worked hours in excess of 40 per week, *id*. at ¶ 20, and that Seasins failed to pay overtime wages as required, *id*. at ¶ 25.  Given that Seasins, as a defaulted defendant, is deemed to admit the well-pled allegations in Plaintiff's complaint, and the admitted facts are sufficient to establish liability without any response in opposition, the only question left is Plaintiff's

---

[2]     An employee is covered by the FLSA if he or his employer "engaged in [interstate] commerce or in the production of goods for [interstate] commerce."  29 U.S.C. §§ 206(a)(1), 207(a)(1); *see id*. § 203(b).   An employer meets this requirement if it has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business done of at least $500,000."  *Jones v. Freedom Rain, TLC*, 401 F. App'x 409, 411 (11th Cir. 2010); *see also* 29 U.S.C. § 203(s)(1)(A).

5

request for damages.  *See Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005) (stating that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.").

Plaintiff states that he worked for Seasins as a bartender from January 3, 2020 to March 17, 2020.  He provides in his statement of claim detailed mathematical calculations of his hours and wages over the same time period and concludes that Seasins owes him a total of $696.00 in unpaid minimum wages.  [D.E. 9].  In addition, Plaintiff argues that he is entitled to $1,017.60 in overtime wages for one and one-half times his regular rate for all the hours worked in excess of forty hours per workweek.  *Id.*  Thus, Plaintiff seeks a grand total of $1,713.60 in damages for his minimum wage and overtime claims.

Next, Plaintiff argues that he is entitled to liquidated damages because he alleged that Seasins committed a willful violation of the FLSA.  [D.E. 1, ¶ 26]. A willful FLSA violation occurs when an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Under sub-section 216(b), an employer who violates the minimum wage or overtime provisions entitles an employee to an additional amount in liquidated damages:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

6

29 U.S.C. § 216(b).   Thus, by defaulting, Seasins has admitted to the allegations in Plaintiff's complaint for failing to compensate for overtime and minimum wages and therefore Seasins must pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation[.]"  *Id*.; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).   Accordingly, Plaintiff should be awarded a total of $3,427.20 in damages for Seasins FLSA violations.

## B. *Breach of Contract*

Plaintiff also seeks damages for Seasins' breach of contract when it failed to compensate Plaintiff $1,000 per workweek.   Under Florida law, A breach of contract claim has four elements: (1) a valid contract, (2) a material breach, (3) causation, and (4) damages.  *Handi–Van, Inc. v. Broward Cty.*, 116 So. 3d 530, 541 (Fla. 4th DCA 2013).   "A 'material breach' of a contract is a failure, without legal excuse, to perform any promise or obligation or that goes 'to the essence of the contract.'"  *Oriole Gardens Condos., III v. Indep. Cas. & Sur. Co.*, 2012 WL 718803, at *11 (S.D. Fla. Mar. 6, 2012) (quoting *Covelli Family, LP v. ABG5, LLC*, 977 So. 2d 749, 752 (Fla. 4th DCA 2008)).   An injured party in a breach of contract is entitled to recover those damages that "naturally flow from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was entered."  *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002).

Plaintiff has met each of these elements because he alleges that the parties

entered into an oral contract for Plaintiff to work as a bartender at Seasins for $1,000 per week.   And that Seasins caused a material breach of that contract when it failed to pay Plaintiff any wages for his services from March 1, 2020 to March 17, 2020. Given that Plaintiff has alleged every element, and Seasins has admitted to the allegations in Plaintiff's complaint by defaulting, Seasins is liable for damages for its breach of contract.   This breach would equal $2,285.71 in damages.   But, these contract damages are offset by the $1,827.20 in damages already awarded to Plaintiff from Seasins' FLSA violations from March 2020.   *See Ramirez v. Raptor Tech. Group, Inc.*, 2012 WL 2589256 at *4 (M.D. Fla. June 8, 2012) (holding that a plaintiff should recover the difference between the amount of unpaid federal minimum wages and breach of contract damages in an FLSA case).   Plaintiff is thus entitled to $485.51 in damages from Seasins' breach of contract.

### C. *Taxable Costs*

The next issue is Plaintiff's request for taxable costs.   Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute.   Additionally, the FLSA provides that a court   shall   allow   an   award   of   costs   to   a   plaintiff   that   prevails   in a FLSA action.   See 29 U.S.C. § 216(b).   A strong presumption exists in favor of awarding costs.   *Id*.   A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.   *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are

8

bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*[3]

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

Here, Plaintiff seeks $450.00 in total costs. Specifically, $400.00 for the court

---

[3]    The following costs are permitted under 28 U.S.C. § 1920:
(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

filing fee and $50.00 for serving Seasins.   Courts have repeatedly held that these costs are recoverable under 28 U.S.C. § 1920.   *See EEOC v. W & O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000); *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Fees of the clerk and marshal include filing fees are clearly taxable.") (citing 28 U.S.C. § 1920(1)). The only caveat is that fees for service of a summons and subpoenas may only be taxed to the extent that they do not exceed the statutory fees authorized in section 1921.   Plaintiff's request for service of process costs complies with the statutory requirements because the cost is only $50.00, which is below the $65.00 per hour cap. *See* 28 C.F.R. § 0.114 ("For process served or executed personally—$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."); *see also Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 2016 WL 7325544, at *3 (M.D. Fla. Aug. 31, 2016), *report and recommendation adopted*, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016) ("[T]he undersigned finds Plaintiff is entitled to recover $60.00 in costs for serving Defendant with the summons.").   Therefore, Plaintiff is entitled to recover $450.00 in costs.

### D. *Attorneys' Fees*

The final issue is Plaintiff's request for attorneys' fees.   The FLSA provides that a court shall allow an award of reasonable attorneys' fees paid by a plaintiff that prevails in a FLSA action.   *See* 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan,*

10

*P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).   In determining an appropriate fee award, we employ the lodestar method.   *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.   We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee").   This method allows for a reasonable estimate of the value of an attorneys' service because the movant submits evidence "supporting the hours worked and rates claimed."   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly."   *Id*.

The lodestar method requires a court to first determine an attorneys' reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended.   *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *see also Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).   When awarding fees using the lodestar method, a court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation."   *Norman v. Hous. Auth. of Cty. of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988) (citation omitted).

In awarding attorneys' fees, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999).   Courts, however, have

11

considerable discretion when determining whether a party to a case should receive a fee award.   *See Cullens v. Ga. Dept. of Transp.,* 29 F.3d 1489, 1492-1493 (11th Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit.   *See Norman*, 836 F.2d at 1299-1302. It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters.   *See Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award.   This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

### 1. *<u>The Reasonable Hourly Rate</u>*

The first step is to consider the reasonable hourly rate.   This rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."   *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299).   The relevant market is "the place where the case is filed."   *ACLU,* 168 F.3d at 427 (internal quotation marks and

12

citation omitted).

Several factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Ga. Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974).[4]  A movant is required to submit to a court satisfactory evidence to establish that the requested rate accurately reflects the prevailing market rate.  *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (finding that the burden lies with the fee applicant to produce "satisfactory evidence that the requested rate is in line with prevailing market rates" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.").  Ultimately, a court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Loranger,* 10 F.3d at 781 (quoting

---

4      The 12 *Johnson* factors are as follows:
       (1) the time and labor required;
       (2) the novelty and difficulty of the questions;
       (3) the skill requisite to perform the legal service properly;
       (4) the preclusion of other employment;
       (5) the customary fee;
       (6) whether the fee is fixed or contingent;
       (7) the time limitations imposed by the client or circumstances;
       (8) the amount involved and the results obtained;
       (9) the experience, reputation and ability of the attorneys;
       (10) the undesirability of the case;
       (11) the nature and length of the professional relationship with the client; and
       (12) the awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

*Norman,* 836 F.2d at 1303).

Plaintiff seeks an hourly rate for three different attorneys based on their individual levels of experience including: (1) Jordan Richardson at $350 with 7 years of experience, (2) Lisa Scott at $225 with 2 years of experience, and (3) Jake Blumstein at $225 with 1 year of experience.   In exercising our own expertise in awarding fees in similar cases, together with a review of the record and supporting materials submitted with the motion, we find that Plaintiff's request is reasonable. *See Jimenez v. Alpine Towing, Inc., et. al.*, S.D. Fla. Case No. 1:19-cv-21643-KMM at D.E. 15 (Judge Moore approving first year associate attorney from USA Employment Lawyers at the hourly rate of $225 in FLSA case); *see also Vanderbilt v. Boat Bottom Express, LLC, et. al.*, S.D. Fla. 4:18-cv-10261-JLK at D.E. 37 (Judge King approving $350 hourly rate for Jordan Richardson).

## 2. *The Reasonable Number of Hours Expended*

The second step of the lodestar analysis requires a court to determine the reasonable number of hours expended.   The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *ACLU*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original).   A fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide a court with specific and detailed evidence that will allow for an accurate determination of the amount of fees

14

to award.   *Id.*   If a fee applicant fails to exercise required billing judgment, a court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary."   *Id.*   As in the analysis of reasonable hourly rates, a court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorneys' fees.   *Norman*, 836 F.2d at 1303.   Accordingly, it is "perfectly proper to award attorneys' fees based solely on affidavits in the record." *Id.* (citing *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980)).

Plaintiff's counsel provided affidavits of work performed setting forth the nature of services provided and number of hours requested.   In reviewing the record independently under the Court's duty to award only those hours that are reasonable, the Court finds that the number of hours expended on certain tasks by Mr. Blumstein is excessive.   "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."   *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger,* 10 F.3d at 783).   A court may not, however, do both. *See Bivins*, 548 F.3d at 1351-1352 (explaining that "by requiring the district court to conduct either analysis instead of both, we ensure that the district court does not doubly-discount the requested hours").

In deciding between the two options available, we find that an hour-by-hour approach is preferable because the fee documentation is not so voluminous that an hour-by-hour review is impractical.   The time entries by Mr. Blumstein that appear

15

excessive – by varying degrees – include (1) legal research, (2) drafting the motion for default judgment, a proposed order to grant it, and an extension of time to file it, (3) drafting, revising, and filing the statement of claim, and (4) drafting counsels' declarations.    These time entries equal 11.5 hours.    Because the time spent on these tasks are excessive for a lawyer with Mr. Blumstein's experience, we reduce the time billed for these entries to 6.0 hours.    Accordingly, the reasonable number of hours that Mr. Blumstein expended in this case equals a total of 6.75 hours.    *See Rodriguez v. Guilfoyle*, 2019 WL 2254926, at *4 (S.D. Fla. Feb. 1, 2019), *report and recommendation adopted*, 2019 WL 2255019 (S.D. Fla. Mar. 1, 2019) (reducing the total number of hours billed by a law firm in a FLSA default judgment case from 18.40 to 9.25).

Multiplying the reasonable hourly rates by the reasonable hours expended on the litigation, we are left with $3,400.00 (($350 x 4.88) + ($225 x 7.52)) in attorneys' fees.    Accordingly, Plaintiff's motion for default judgment and attorneys' fees and costs should be **GRANTED in part** and **DENIED in part** with a total award of $3,912.71 in damages plus $3,400.00 in attorneys' fees, and $450.00 in costs.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for final default judgment and attorneys' fees and costs against Seasins [D.E. 15] should be **GRANTED in part** and **DENIED in part** with a total award of $1,713.60 in overtime and minimum wages, $1,713.60 in liquidated damages, and $485.51 in breach of contract damages, plus

attorneys' fees in the amount of $3,400.00 and $450.00 in taxable costs.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.   Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 30th day of October, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

17